## LECHNER SHOES, INC.

### v.

## WARD BROS., INC., et al.

Supreme Judicial Court of Maine.

Argued Nov. 19, 1992.

Decided July 29, 1993.

Coleman G. Coyne, Jr. (orally), Murphy & Coyne, Lewiston, for plaintiff.

Anthony E. Perkins (orally), Marc L. Frohman, Kate S. Debevoise, Bernstein, Shur, Sawyer & Nelson, Portland, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD,* COLLINS and RUDMAN, JJ.

ROBERTS, Justice.

Stephen Griswold and Terence Nadeau appeal from a judgment of the Superior Court (Androscoggin County, *Alexander, J.*) holding them personally liable to Lechner Shoes, Inc., for an amount admittedly owed to Lechner by Ward Bros., Inc. Basically, the defendants challenge the sufficiency of the evidence to warrant a finding of a constructive trust based on the existence of a fiduciary relationship. Lechner Shoes cross-appeals, contending that the court erred by denying its claims against the wives of Griswold and Nadeau and by denying its claim for conversion and punitive damages. We vacate the judgment against Griswold and Nadeau.

Griswold and Nadeau acquired the capital stock of Ward Bros., a corporation operating a small chain of retail stores specializing in women's clothing and accessories, in 1987. In 1988 Lechner Shoes entered into an oral agreement with Ward Bros. whereby Lechner would lease a portion of the store premises from which it would sell shoes as an independent business entity, employing its own workers and managing the daily administration and finances separate from Ward Bros. The parties agreed that Lechner Shoes would submit its daily receipts (cash, checks, and credit slips) to Ward Bros. In turn, Ward Bros. would

---

* Clifford, J., sat at oral argument but did not participate further.

deduct rent, net payroll, and health insurance for Lechner employees, and advertising and shipping charges that had been incurred by Lechner. The balance was to be returned to Lechner by check on or before the 10th of every month. Out of these funds, Lechner was responsible for paying the sales tax, employee withholding, and the other costs of the business. There was no requirement that Ward Bros. segregate this money from their general operating account and it did not do so.

Early in 1990 Griswold and Nadeau undertook the daily management of the company. The terms of the agreement between Ward Bros. and Lechner Shoes were complied with until March of 1990. On March 5, Griswold and Nadeau decided not to pay Lechner on the 10th of the month because of the increasing financial difficulty of the company. That decision was implemented despite the objection of the then controller of the company that Lechner was not "just another unsecured creditor."

After a nonjury trial on Lechner's multicount complaint, the court filed a written decision finding Ward Bros., Stephen Griswold, and Terence Nadeau jointly and severally liable for a stipulated balance of $35,183.40. The court found in favor of defendant spouses Margaret Griswold and Susan Nadeau, and denied Lechner's claim for punitive damages. On Lechner's post-judgment motion, the court declined to find liability based on the tort of conversion. These timely appeals followed.

The court rejected the defendants' claim that the arrangement between Ward Bros. and Lechner Shoes was simply a debtor/creditor relationship. It found "the money turned over was not like goods delivered to Ward Bros. for resale, nor was it in the nature of a loan." The court concluded that Ward Bros. held the funds in constructive trust for Lechner because of the fiduciary relationship that existed between them. Moreover, the court stated that relationship obligated Ward Bros. to notify Lechner in advance of any planned change in the arrangement and that Griswold and Nadeau shared that fiduciary obligation. We need not address the court's conclusion that Ward Bros. owed to Lechner Shoes a fiduciary duty because the parties stipulated to a judgment against the company and it has not appealed. Our review of the record, however, reveals no evidence to support the court's finding that Griswold and Nadeau had undertaken any individual fiduciary responsibility.

On Lechner's cross-appeal, we find no clear error in the court's finding that Margaret Griswold and Susan Nadeau had no fiduciary responsibility to Lechner. Moreover, the record is not one that would permit the court to find in favor of the plaintiff on its conversion claim. In the absence of individual liability, we need not review the court's conclusion that the defendants' conduct did not warrant an award of punitive damages.

The entry is:

Judgment vacated.

Remanded to the Superior Court for entry of a judgment for defendants Stephen Griswold and Terence Nadeau.

All concurring.